SEND
JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09–2954 PA (AJWx) | Date | May 22, 2009 |
|---|---|---|---|
| Title | Martha Caudillo v. Midland Mortgage Co., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Paul Songco | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

     Before the Court is a Notice of Removal filed by defendant Midland Mortgage Company ("Removing Defendant") on April 28, 2009 (Docket No. 1). Defendant Quality Loan Servicing ("Quality") consented to removal. (Not. of Removal, Ex. C.) Removing Defendant and Quality are two of nine named defendants in an action originally filed in Los Angeles County Superior Court. The other named defendants, Opteum Financial Services, LLC, Union Latina Realty & Finance, Inc., Ana Guadalupe Martinez, Hugo Castenanda, Silverio O. Rosales, Guillermo Luis Calextro, dba Hispanos Unidos Realty and dba Hispanos Unido, and Mortgage Electronic Registration System, Inc., have not joined in the removal.

     Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The defendant also has the burden of showing that it has complied with the procedural requirements for removal." Riggs v. Plaid Pantries, Inc., 233 F. Supp. 2d 1260, 1264 (D. Or. 2001).

     All proper defendants in an action must join or consent to a notice of removal. 28 U.S.C. § 1446(a); Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1266 (9th Cir. 1999), superseded by statute on other grounds as stated in Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 681 (9th Cir. 2006) (noting that jurisdiction under Class Action Fairness Act does not require joinder of all defendants); Parrino v. FHP, Inc., 146 F.3d 699, 703 (9th Cir. 1998) ("[A]ll defendants must join a notice of removal.") (internal citation omitted). "Where fewer than all the defendants have joined in a

SEND
JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09–2954 PA (AJWx) | Date | May 22, 2009 |
|---|---|---|---|
| Title | Martha Caudillo v. Midland Mortgage Co., et al. | | |

removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal." Prize Frize, 167 F.3d at 1266. A removing defendant must exercise due diligence to ascertain if other defendants have been served, and simply checking if a proof of service has been filed with in the state court is insufficient. See, e.g., Pianovski v. Laurel Motors, Inc., 924 F. Supp. 86, 87 (N.D. Ill. 1996).

      Here, Removing Defendant states that "[t]o the best of MIDLAND and its counsel's knowledge, none of the other parties to this action have been properly served. However, QUALITY LOAN SERVICE CORPORATION . . . has stipulated to Removal." (Notice of Removal, ¶ 4.) This allegation is insufficient. See Pianvoski, 924 F. Supp. at 87. Removing Defendant does not state what, if any, efforts it made to ascertain whether other defendants were served or what its basis for its "knowledge" might be. Indeed, allegations made on information and belief are insufficient to support a removal. See Valdez v. Allstate Ins. Co., 372 F.3d 1115, 116-17 (9th Cir. 2004); Prize Frize, 167 F.3d at 1266 (finding Notice of Removal which alleged that the removing defendants "have been informed and believe that many of the other defendants . . . have not been properly served in this matter" was facially deficient); Riggs v. Plaid Pantries, Inc., 233 F. Supp. 2d 1260, 1267 (D. Ore. 2001); Anne Arundel County v. United Pac. Ins. Co., 905 F. Supp. 277, 279 (D. Md. 1995) (finding that statement "'upon information and belief [that non-removing defendant] does not object to this Petition for Removal' . . . is not sufficient . . . to satisfy the requirements of § 1446").

      The Court therefore concludes that Removing Defendant's failure to affirmatively explain the absence of the other defendants renders the Notice of Removal procedurally defective. See 28 U.S.C. § 1446(a); Prize Frize, 167 F.3d at 1266. Accordingly, this action is remanded to Norwalk Superior Court, Case No. VC 053324, for failure to comply with the removal requirements of 28 U.S.C. § 1446. See 28 U.S.C. § 1447(c); Prize Frize, 167 F.3d at 1266. The Court stays this order until June 2, 2009. If Plaintiff wishes to remain in federal court and thereby waive the procedural defect discussed above, Plaintiff shall notify the Court in writing on or before June 2, 2009. If Plaintiff instead prefers that this action be remanded to state court, she may simply decline to file a waiver of the procedural defect.

      IT IS SO ORDERED.